UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                Case No. 13-CR-234

DAMIAN PATRICK,

        Defendant.

**MOTION FOR INDICATIVE RULING ON A MOTION FOR NEW TRIAL UNDER FED. R. CRIM. P. 33**

      As this Court will recall, prior to Mr. Patrick's plea and sentencing the parties extensively litigated the question of whether law enforcement officers violated the Fourth Amendment when they determined Mr. Patrick's location by tracking his cell phone in real time pursuant to a state court order. *See* Docket Entry 47 at 8; *see also* Docket Entries 41, 42, 44, 45, 46, 50, 52, 53 and 54. The government asserted (and Mr. Patrick and the Court took them at their word) that the tracking occurred by the cell phone service provider, Sprint, providing coordinates of the phone's location to law enforcement. *See* Docket Entry 42, Ex. A at 2-3 (the state court order approving the installation of a trap and trace device, a pen register, and "release" of various types of information by the "service provider" to law enforcement); *see also* Docket Entry 47 at 3 (Magistrate Judge Callahan finding the state court approved a trap and trace device, a pen register, and "release of certain subscriber information, including what is commonly referred to as cell-site location information"). The parties agreed the state court order in question had to measure up to the Fourth Amendment's warrant requirement and be

1

supported by probable cause, and this Court applied that standard.  *See* Docket Entries 44 at 1; 45 at 5; 47 at 7-8.  This Court ultimately ruled against Mr. Patrick and found that the state court order in question satisfied the probable cause standard.  *See* Docket Entries 47 and 54.  Mr. Patrick conditionally pled guilty, preserving his right to appeal this adverse ruling.  *See* Docket Entry 57 at 1.

      Mr. Patrick filed his opening brief in the Seventh Circuit on January 15th, 2016.  *See* Docket Entry 14 in Seventh Circuit Appeal No. 15-2443.  On January 28th, the Court granted a motion by *amicus* to file a brief in support of Mr. Patrick.  *See id.*, Docket Entry 21.  In its brief, *amicus* included an argument that rather than tracking Mr. Patrick's cell phone by receiving coordinates from Sprint, police may have used a device known as a Stingray (or cell-site simulator), which acts as a cell phone tower, bypasses the service provider altogether, and precisely locates all cell phones within its operating radius (along with gathering other kinds of data from the phones).  *See id.*, Docket Entry 23 at 18-25.  After a meeting with counsel for the government on March 17th, 2016, it was revealed to undersigned counsel for the first time that law enforcement did indeed use a Stingray device to locate Mr. Patrick (see attached letter from government counsel).

      Mr. Patrick hereby moves to vacate his judgment and seeks to supplement briefing on his motion to suppress based on this newly discovered evidence and in the interests of justice.  *See* Fed. R. Crim. P. 33(a).  Because he has an appeal pending, this Court may not grant such a motion until the Seventh Circuit remands the case.  *See* Fed. R. Crim. P. 33(b).  But this Court may issue an "indicative ruling" that it would either grant the motion or that the motion raises substantial issues.  *See* Fed. R. App. P. 12.1(a).  If this Court indicates that it would grant the Rule 33 motion, or that it simply raises

substantial issues, then the Court of Appeals could remand for further proceedings. *See* Fed. R. App. P. 12.1(b). Mr. Patrick hereby proffers the following arguments that he may raise if given the chance and that justify this Court vacating his judgment and ordering new briefing on the Stingray issue:

1. Law enforcement use of the Stingray device constitutes an entirely new, warrantless search not covered whatsoever by the terms of the state court order at issue and is therefore unreasonable and unconstitutional.

2. Even if the use of the Stingray did not constitute an entirely new, separate search, its use went beyond the scope of what the state court order authorized and was therefore unconstitutional. *See Horton v. California*, 496 U.S. 128, 140 (1990).

3. Use of the Stingray is prohibited by *Kyllo v. United States*, 533 U.S. 27 (2001), which held that when the government uses technology not available to the public to explore details of a constitutionally protected area that would otherwise be unknowable without a physical intrusion, such use is a search and is presumptively unreasonable without a warrant. *See id*. at 40. When paired with *Riley v. California*, 134 S.Ct. 2473, 2485 (2014), which holds that law enforcement must generally obtain warrants before searching data connected to cell phones, the use of a Stingray here was an illegal, unconstitutional search.

4. The government violated *Brady v. Maryland*, 373 U.S. 83 (1963), which holds the government may not suppress evidence favorable to an accused when the evidence is material either to guilt or punishment, irrespective of whether good or bad faith was involved. *See id.* at 87. This duty applies regardless of whether there was a request by the accused, encompasses impeachment evidence as well as exculpatory evidence, and applies to evidence known to police even if unknown to the prosecutor. *See United States v. Stott*, 245 F.3d 890, 901 (7th Cir. 2001) (internal citations omitted). While he Seventh Circuit has yet to decide whether *Brady* applies to pretrial suppression motions, *see id.*, other circuits have ruled it does. *See United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993) and *Smith v. Black*, 904 F.2d 950, 965-66 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992). Hence, Mr. Patrick should have the ability to raise and argue a *Brady* violation here based on law enforcement's failure to disclose the use of Stingray and to test the reach of *Brady* in the Seventh Circuit.

5. Law enforcement omitted materially significant information from the affidavit submitted to the state court judge, with deliberate or reckless disregard for the truth, that was necessary to the finding of probable cause in violation of *Franks v. Delaware*, 438 U.S. 154,

171-72 (1978). Hence, Mr. Patrick is entitled to a hearing on this issue. *See id.*

This Court need not indicate a ruling on the actual merits of any of the five arguments raised above. Rather, Mr. Patrick merely asks the Court to do one of the following under Fed. R. App. 12.1(a): either (1) state it would grant a Fed. R. Crim. P. 33(a) motion based on the newly discovered Stingray evidence and the arguments proffered above, or failing that (2) state the motion raises substantial issues. If it does either of those it will then be up to the Seventh Circuit, upon notice from counsel, to decide whether to issue a remand for further proceedings.

Respectfully submitted at Milwaukee, Wisconsin this 5th day of April, 2016.

/s/_____
Chris Donovan
Bar No. 1055112
Counsel for Defendant
Pruhs & Donovan, S.C.
757 N. Broadway, 4th Floor
Milwaukee, WI 53202
Tel: 414-221-1950
Fax: 414-221-1959